UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ashely P.,  
                                                                Civ. No. 23-2740 (PAM/TNL)

  Plaintiff,

v.                                                              **MEMORANDUM AND ORDER**

Carolyn Colvin, Acting Commissioner
of Social Security,[1]

  Defendant.

---

This matter is before the Court on Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b). The Commissioner indicates that she neither supports nor opposes the award. (Docket No. 35 at 1.)

The statute provides for the payment of attorney's fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). Plaintiff's counsel seeks a net total amount of $6,114.70, acknowledging that fees previously awarded under the Equal Access to Justice Act ("EAJA") in this matter will be returned to Plaintiff in the amount of $821.[2] Plaintiff's counsel submitted that his law firm worked on this matter for three-and-a-half hours, which results in an hourly rate of $1,747.06. (Docket Nos. 20, 21.) In the Court's research, this would be the highest hourly rate awarded in this District for attorney's fees under § 406(b). Indeed, other courts in this District have found that an hourly rate nearly $500 lower than that which Plaintiff's counsel

---

[1] As the newly appointed Acting Commissioner of Social Security, Carloyn Colvin's name is substituted for Martin O'Malley's as Defendant. See Fed. R. Civ. P. 25(d).
[2] Accounting for the $821 in fees already awarded to Plaintiff's counsel under the EAJA does not alter the Court's decision. (See Docket No. 29 at 6.)

seeks was "on the high end of what courts in this District have found reasonable." Matthew L. v. O'Malley, Civ. No. 21-1009, 2024 WL 1694839, at *2 (D. Minn. Apr. 19, 2024) (Docherty, M.J.) (permitting an hourly rate of $1,250, despite finding it high) (collecting cases).

The Court finds that awarding an hourly rate of $1,747.06 would result in the "benefits achieved [being] large in comparison to the time expended by counsel." Jones v. Berryhill, 699 F. App'x 587, 588 (8th Cir. 2017). Thus, the Court lowers the amount of claimed fees to a more reasonable hourly rate of $1,500, recognizing that it is still the highest fee of this type that the Court could find in its research. See Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002) (courts should test contingent-fee agreements for reasonableness and may reduce benefits received if they "are large in comparison to the amount of time counsel spent on a case"). Therefore, the Court will award a net total of $4,500 in attorney's fees, given the small number of hours that counsel expended in this case.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney's Fees (Docket No. 28) is **GRANTED;**

2. Plaintiff is awarded a net amount $4,500 in attorney's fees under 42 U.S.C. § 406(b); and

3. Plaintiff's counsel shall reimburse Plaintiff any fees that he previously received under the Equal Access to Justice Act, 28 U.S.C. § 2412.

Date: January 11, 2025                    s/ Paul A. Magnuson
                                          Paul A. Magnuson
                                          United States District Court Judge